UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation;

    Plaintiff,

v.

CITY OF REDDING, COUNTY OF SHASTA, and KURT STARMAN, an individual,

    Defendants.

NO. CIV. 2:10-1389 WBS CMK

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for November 15, 2010.

I.    <u>SERVICE OF PROCESS</u>

The named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

1

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated on the Clean Water Act, 33 U.S.C. § 1365.  Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

The parties have agreed to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before November 5, 2010.  If the parties have not already served initial disclosures, they shall do so by November 22, 2010.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than September 9, 2011.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before October 14, 2011.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by January 6, 2012.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if

1  necessary and, where discovery has been ordered, the order has
2  been obeyed.  All motions to compel discovery must be noticed on
3  the magistrate judge's calendar in accordance with the local
4  rules of this court and so that such motions may be heard (and
5  any resulting orders obeyed) not later than January 6, 2012.

6        V.    <u>MOTION HEARING SCHEDULE</u>

7        All motions, except motions for continuances, temporary
8  restraining orders, or other emergency applications, shall be
9  filed on or before February 17, 2012.  All motions shall be
10 noticed for the next available hearing date.  Counsel are
11 cautioned to refer to the local rules regarding the requirements
12 for noticing and opposing such motions on the court's regularly
13 scheduled law and motion calendar.

14      VI.    <u>FINAL PRETRIAL CONFERENCE</u>

15       The Final Pretrial Conference is set for May 29, 2012,
16 at 2:00 p.m. in Courtroom No. 5.  The conference shall be
17 attended by at least one of the attorneys who will conduct the
18 trial for each of the parties and by any unrepresented parties.

19       Counsel for all parties are to be fully prepared for
20 trial at the time of the Pretrial Conference, with no matters
21 remaining to be accomplished except production of witnesses for
22 oral testimony.  Counsel shall file separate pretrial statements,
23 and are referred to Local Rules 281 and 282 relating to the
24 contents of and time for filing those statements.  In addition to
25 those subjects listed in Local Rule 281(b), the parties are to
26 provide the court with: (1) a plain, concise statement which
27 identifies every non-discovery motion which has been made to the
28 court, and its resolution; (2) a list of the remaining claims as

3

1  against each defendant; and (3) the estimated number of trial
2  days.
3       In providing the plain, concise statements of
4  undisputed facts and disputed factual issues contemplated by
5  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
6  that remain at issue, and any remaining affirmatively pled
7  defenses thereto.  If the case is to be tried to a jury, the
8  parties shall also prepare a succinct statement of the case,
9  which is appropriate for the court to read to the jury.
10      VII.  TRIAL SETTING
11      The bench trial is set for July 31, 2012, at 9:00 a.m.
12 The parties estimate that a jury trial will last five to eight
13 court days.
14      VIII. SETTLEMENT CONFERENCE
15      A Settlement Conference will be set at the time of the
16 Pretrial Conference.  All parties should be prepared to advise
17 the court whether they will stipulate to the trial judge acting
18 as settlement judge and waive disqualification by virtue thereof.
19      Counsel are instructed to have a principal with full
20 settlement authority present at the Settlement Conference or to
21 be fully authorized to settle the matter on any terms.  At least
22 seven calendar days before the Settlement Conference counsel for
23 each party shall submit a confidential Settlement Conference
24 Statement for review by the settlement judge.  If the settlement
25 judge is not the trial judge, the Settlement Conference
26 Statements shall not be filed and will not otherwise be disclosed
27 to the trial judge.
28      IX.   MODIFICATIONS TO SCHEDULING ORDER

1    Any requests to modify the dates or terms of this
2 Scheduling Order, except requests to change the date of the
3 trial, may be heard and decided by the assigned Magistrate Judge.
4 All requests to change the trial date shall be heard and decided
5 only by the undersigned judge.
6 DATED: November 3, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5